UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ANGUIANO-TAMAYO,<br><br>             Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>             Defendants. | Case No. 18-cv-04598-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

Plaintiff Ana Anguiano-Tamayo brings this action on her own behalf and as a putative class action against Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. (together, "Wal-Mart" or "Defendants") for alleged failure to provide accurate wage statements in violation of California wage-and-hour law. (Dkt. No. 14.)[1] Now pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 23.) Alternatively, Defendants move to dismiss because Plaintiff's complaint is duplicative of a pending action in the district court. After careful consideration of the parties' briefing, and having had the benefit of oral argument on January 24, 2019, the Court DENIES Defendants' motion to dismiss under Rule 12(b)(6), and in the alternative, STAYS the action because it is duplicative of the pending action in *Magadia v. Wal-Mart Assocs., Inc.*, N.D. Cal. Case No. 5:17-cv-00062-LHK.

## BACKGROUND

### I.    Complaint Allegations and Judicially Noticeable Facts[2]

#### A.    The *Magadia* Action

In December 2016, plaintiff Roderick Magadia filed a putative class action in state court against Wal-Mart alleging four causes of action, including failure to provide accurate wage

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] As discussed *infra* pp. 3-4 the Court grants judicial notice of certain adjudicative facts proffered by the parties.

United States District Court<br>Northern District of California

1    statements under California Labor Code § 226(a)(9) related to an overtime wage payment

2    identified as "OVERTIME/INCT" on wage statements issued to the putative class. *See Magadia*

3    *v. Wal-Mart Assocs., Inc.*, N.D. Cal. Case No. 5:17-cv-00062-LHK, Dkt. No. 1-1 at ¶ 31. The

4    OVERTIME/INCT pay item is explained thusly:

> When one of Wal-Mart's non-exempt California employees works
> overtime during a given pay period and earns "non-discretionary
> remuneration in the same pay period," Wal-Mart pays an employee
> an "additional overtime wage" that appears as "OVERTIME/INCT"
> on the employee's wage statement. INCT is an abbreviation for
> incentive. This ensures Wal-Mart is in compliance with California
> Labor Code § 510(a), which requires employers to factor in an
> employee's non-discretionary remuneration when calculating that
> employee's overtime pay. The OVERTIME/INCT item is a lump
> sum and does not list an hourly rate or specify hours worked.

11    319 F. Supp. 3d 1180, 1183 (N.D. Cal. 2018) (citations omitted). The plaintiff specifically alleged

12    that the wage statements violated section 226(a)(9) because they failed to include the hourly rate

13    and hours worked applicable to the OVERTIME/INCT item of pay. *Id.* at 1189-1192. Wal-Mart

14    removed the case to this District pursuant to the Class Action Fairness Act, 28 U.S.C. §

15    1332(d)(2). *See* Case No. 5:17-cv-00062-LHK, at Dkt. No. 1. The district court granted class

16    certification on January 9, 2018, certifying a class consisting of: "All current and former

17    California non-exempt employees of [Wal-Mart] who received 'OVERTIME/INCT,' at any time

18    between December 2, 2015, through the present." 324 F.R.D. 213, 227 (N.D. Cal. 2018).

19          On May 11, 2018, the court granted the plaintiffs' motion for partial summary judgment on

20    their Private Attorney General Act ("PAGA") claim based on "Wal-Mart's wage statements'

21    violation of California Labor Code §§ 226(a)(6) and 226(a)(9)." 319 F. Supp. 3d at 1183. On

22    June 25, 2018, the district court denied the plaintiffs leave to amend their complaint to add a new

23    theory of liability for violation of Labor Code § 226(a)(6) related to the OVERTIME/INCT item

24    of pay. *See* Case No. 5:17-cv-00062-LHK, Dkt. No. 130 at 2 (N.D. Cal. June 25, 2018) (order

25    denying requests made in joint case management statement). The district court held a bench trial

26    beginning on November 30, 2018 and ending December 4, 2018. *See id.* at Dkt. Nos. 205, 207,

27    208. The matter is pending.

28    //

United States District Court
Northern District of California

2

**B.     The Instant Action**

Plaintiff's wage-and-hour class action alleges that Defendants failed to provide their non-exempt California employees accurate itemized wage statements based on Defendants' arguments set forth in *Magadia* regarding the OVERTIME/INCT item of pay.  (Dkt. No. 14 at ¶ 14.)  In particular, Plaintiff alleges that because Defendants have "conclusively admitted [in *Magadia*] that the 'OVERTIME/INCT' item of pay is a wage payment for various prior pay periods," the wage statements containing that item violate California Labor Code § 226(a)(6) because they "do not list the actual pay period dates for which the 'OVERTIME/INCT' . . . is being paid."  (*Id.* at ¶¶ 14, 22.)  The wage statements issued to Plaintiff and putative class members that contain the OVERTIME/INCT item of pay instead "list only the current pay period dates."  (*Id.* at ¶ 22.)

Plaintiff's proposed class consists of: "all current and former California non-exempt employees of Defendants who received 'OVERTIME/INCT,' at any time between July 30, 2017, through the present."  (*Id.* at ¶ 10.)

**II.   Procedural History**

Plaintiff filed her initial complaint in this action on July 30, 2018, (*see* Dkt. No. 1), five days after the district court denied leave to amend the complaint in *Magadia*, s*ee* Case No. 5:17-cv-00062-LHK, Dkt. No. 130 (N.D. Cal. June 25, 2018) (order denying requests made in joint case management statement).  Defendants moved to dismiss the complaint on October 9, 2018.  (Dkt. No. 11.)  Plaintiff then filed the FAC on October 11, 2018, adding a claim under PAGA, pursuant to Labor Code § 2698, et. seq.  (Dkt. No. 14).  Defendants moved to dismiss thereafter.  (Dkt. No. 23.)  Defendants' motion is fully briefed, and the Court heard oral argument on January 24, 2019.

**REQUESTS FOR JUDICIAL NOTICE**

Generally, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  When such materials "are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."  *Id.* (quoting Fed. R. Civ. P. 12(d)).  There are, however, "two exceptions to this rule: the

United States District Court
Northern District of California

1    incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.*

2    Pursuant to the Federal Rules of Evidence, a judicially noticed adjudicative fact must be one "that

3    is not subject to reasonable dispute because it: (1) is generally known within the trial court's

4    territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

5    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

6    Plaintiff requests judicial notice of the district court's order denying leave to amend in

7    *Magadia*. (Dkt. No. 27-1.) Defendants request judicial notice of a partially unpublished state

8    court opinion in *Canales v. Wells Fargo Bank, N.A.*, Case No. B276127 (Los Angeles Cty. Super.

9    Ct. No. BC502826).[3] (Dkt. No. 23-1.) The Court grants the parties' requests. *See Harris v. Cty.

10   of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that judicial notice at the motion to

11   dismiss stage is appropriate for "undisputed matters of public record, including documents on file

12   in federal or state courts.") (internal citation omitted); *see also Bennet v. Medtronic, Inc.*, 285 F.3d

13   801, 803 n.2 (9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other

14   courts, both within and without the federal judicial system, if those proceedings have a direct

15   relation to matters at issue.").

16   ## DISCUSSION

17   California Labor Code section 226(a) provides, in pertinent part:

18   > An employer, semimonthly or at the time of each payment of wages,
19   > shall furnish to his or her employee, either as a detachable part of the
     > check, draft, or voucher paying the employee's wages, or separately
20   > if wages are paid by personal check or cash, an accurate itemized
     > statement in writing showing . . . *(6) the inclusive dates of the period
     > for which the employee is paid.*
21

22   Cal. Lab. Code § 226(a)(6) (emphasis added). Plaintiff alleges that Defendants violated section

23   

24   [3] Plaintiffs do not expressly oppose judicial notice of the state court decision in *Canales* but assert
     that Defendants are precluded from relying on the unpublished portion of that decision pursuant to
25   Civil Local Rule 3-4(e). (Dkt. No. 27 at 13.) Local Rule 3-4(e) provides that "[a]ny order or
     opinion that is designated" by the issuing court as unpublished "may not be cited to this Court,
26   either in written submissions or oral argument, except when relevant under the doctrines of law of
     the case, res judicata or collateral estoppel." N.D. Cal. Civ. L.R. 3-4(e). Here, the Court takes
27   judicial notice of the fact that the proceedings occurred, it does not adopt any findings of fact or
     conclusions of law from *Canales*. *See Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d
28   1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though
     such opinions have no precedential value.").

1   226(a)(6) by failing to "list the actual pay period dates for which the 'OVERTIME/INCT' item of

2   pay is being paid on the wage statements" issued between July 30, 2017 and the present.  (Dkt.

3   No. 14 at ¶ 22.)  Plaintiff further alleges that such violation gives rise to a claim under PAGA.  (*Id.*

4   at ¶¶ 24-28.)  Defendants move to dismiss the FAC for failure to state a claim under Federal Rule

5   of Civil Procedure 12(b)(6) because the Labor Code does not require that wage statements

6   "include dates in which prior overtime hours were worked."  (Dkt. No. 23 at 3.)  In the alternative,

7   Defendants "move to dismiss or stay the action because it improperly splits a cause of action

8   currently being litigated in *Magadia*."  (*Id.* at 2.)  The Court addresses each argument in turn.

9   **I.      Failure to State a Claim**

10          Dismissal under Rule 12(b)(6) "may be based on either a lack of a cognizable legal theory

11  or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside*

12  *Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation

13  omitted).

14          Defendants insist that Plaintiff's section 226(a)(6) fails as a matter of law because Plaintiff

15  alleges "that OVERTIME/INCT pay must be retroactively assigned to prior pay periods," and "the

16  Labor Code does not permit (much less require) employers to retroactively assign wages to prior

17  pay periods."  (Dkt. No. 23 at 3, 6 (citing *Peabody v. Time Warner Cable*, 59 Cal. 4th 662, 671

18  (2014); *Soto v. Motel 6 Operating*, L.P., 4 Cal. App. 5th 385, 391-92 (Cal. Ct. App. 2016)).)  In

19  support, Defendants argue that "the proper pay period for OVERTIME/INCT pay is the pay period

20  in which it is paid" because the "payment is only 'earned' (and paid) when an employee receives a

21  bonus."  (Dkt. No. 23 at 6.)

22          Plaintiff counters that the FAC sufficiently pleads a violation of Labor Code § 226(a)(6)

23  because she alleges that Defendants admit that the OVERTIME/INCT pay item reflects a payment

24  for overtime earned in a prior period, not overtime earned and paid in the period listed on the wage

25  statement as required under section 226(a)(6).  (Dkt. No. 27 at 14.)  The FAC alleges that

26  Defendants "admit that the OVERTIME/INCT item of pay is a wage payment for various prior

27  pay periods," but the wage statements containing that pay item list a *different* pay period—the

28  current one.  (Dkt. No. 14 at ¶ 4.)  Thus, Plaintiff alleges, the wage statements fail to list "the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    inclusive dates of the period for which the employee is paid" in violation of section 226(a)(6).

2    Construing the pleadings in the light most favorable to Plaintiff, her claim is plausible.

3          Defendants nonetheless insist that Plaintiff's claim fails because *Peabody* and *Soto* compel

4    the conclusion that the OVERTIME/INCT pay was not earned until it was payable and that

5    employers cannot attribute wages paid in one pay period to prior periods. (Dkt. No. 23 at 5.)  The

6    Court is not persuaded

7          In *Peabody*, the Supreme Court of California addressed "whether an employer may

8    attribute commission wages paid in one pay period to other pay periods in order to satisfy

9    California's compensation requirements"; specifically, the "commissioned employee exemption"

10   to the overtime provisions under California Labor Code § 510(a).  *Peabody*, 59 Cal. 4th at 664,

11   669.  The defendant-employer argued that commission wages "should be attributed to the *monthly*

12   *pay period* for which they were earned," in order to "satisfy the exemption's minimum earnings

13   prong."  *Id.* at 666 (internal quotation marks omitted).  The court disagreed, concluding that

14   "commission wages paid in one biweekly pay period may [not] be attributed to other pay periods

15   to satisfy the [commissioned employee] exemption's minimum earnings prong."  *Id.* at 669.

16   Further, the court rejected the defendant's argument "that reassigning commission wages would

17   satisfy its obligation to pay a minimum wage," concluding that the "argument fails for the same

18   reason—wages paid in one pay period cannot be reassigned to satisfy other pay periods'

19   compensation requirements."  *Id.* at 670 n.7.

20          *Peabody*, at best, can be interpreted to prohibit a bonus paid in later periods from being

21   attributed to earlier pay periods to avoid triggering some overtime exemption.  It does not compel

22   any conclusion about how adjusted overtime payments are to be identified on wage statements

23   under Labor Code section 226(a).  The Court does not interpret the *Peabody* court's aside that

24   "[p]ermitting wages paid in one pay period to be attributed to a different pay period would be

25   inconsistent with" section 226(a)(6)'s requirement that "paychecks be accompanied by an

26   itemized statement listing the . . . inclusive dates of the period for which the employee is paid" as

27   prohibiting Defendants from identifying on a wage statement the pay periods for which additional

28   overtime is being paid.  The Supreme Court was instead explaining that the defendant-employer's

1  theory that commissions were actually earned in previous pay periods for purposes of the

2  commission exception was inconsistent with its wage statements, which identified the

3  commissions as being paid for the current pay period.  At the very least, given *Peabody's* very

4  different factual and legal scenario, the Court cannot conclude on this record that it disposes of

5  Plaintiff's theory as a matter of law.

6          In *Soto*, the court concluded that section 226 does not "require the monetary amount of

7  earned vacation pay to be listed on each itemized wage statement."  4 Cal. App. 5th at 391-92.

8  The court noted that section 226(a) requires an employer:

9              to identify only those statutory items that are part of the employee's
               *current* monetary compensation.  The employer must provide the
10             employee with an itemized statement identifying the specific wages
               being paid at the time of the payment (or at least semimonthly).  Until
11             a vacation benefit is required to be paid, it need not be included in a
               wage statement under section 226[(a)]."
12

13 *Id.* at 392 (emphasis added).  Thus, *Soto* too does not answer the question presented in this lawsuit

14 for the same reasons *Peabody* is not dispositive—it presents a different legal and factual scenario.

15          Accordingly, the Court denies Defendants' motion to dismiss under Rule 12(b)(6).[4]

16 **II.      Claim Splitting**

17          Defendants argue in the alternative that dismissal is warranted because "[p]laintiffs must

18 bring all claims arising out of a common set of facts in a single lawsuit," and here, Plaintiff "is a

19 member of the *Magadia* OVERTIME/INCT class" and her complaint challenges the same wage

20 statements at issue in *Magadia*.  (Dkt. No. 23 at 6-7.)  Defendants also assert that "[a]n employee

21 cannot recover more than one 226(e) penalty for the same wage statement."  (Dkt. No. 23 at 3

22 (citing *Ontiveros v. Safelite Fulfillment, Inc.*, 231 F. Supp. 3d 531, 540 n.5 (C.D. Cal. 2017).)

23 Thus, Defendants insist that Plaintiff's complaint constitutes impermissible claim splitting.  The

24 Court agrees.

25          "Plaintiffs generally have no right to maintain two separate actions involving the same

26 subject matter at the same time in the same court and against the same defendant."  *Adams v. Cal.*

27 _____

28 [4] Because the Court denies Defendants' motion to dismiss pursuant to Rule 12(b)(6), it need not
address Plaintiff's argument regarding judicial estoppel.  (*See* Dkt. No. 27 at 5, 10-11.)

*Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks and citation omitted), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). In *Adams*, the Ninth Circuit addressed the propriety of the district court's dismissal with prejudice of a suit filed after leave to amend was denied in an earlier-filed suit. The *Adams* court affirmed the district court's dismissal after "borrow[ing] from the test for claim preclusion" and assessing "whether the second suit raises issues that should have been brought in the first." 487 F.3d at 688-89 (internal quotation marks and citation omitted). In doing so, the court examined "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (noting that "[a] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal quotation marks and citation omitted). Where claim splitting exists, district courts have discretion to dismiss the "later-filed complaint [with or] without prejudice, to consolidate the two actions, or to stay or enjoin proceedings." *Id.* at 692.

Applying the *Adams* test to the instant case, the Court has little difficulty in concluding that it is duplicative of *Magadia*.

### A.     Same Causes of Action and Requested Relief

"To ascertain whether successive causes of action are the same, [courts] use the transaction test, developed in the context of claim preclusion." *Id.* at 689. Thus, "[w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* Courts examine four criteria in applying the transaction test: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). "The last of these criteria is the most important." *Id.* (internal quotation marks and citation omitted).

Here, the two actions share a common transactional nucleus of facts because Plaintiff's complaint in this action is based on the exact wage statements at issue in *Magadia*; indeed, the complaint involves the same portion of the wage statements—those involving the

1   OVERTIME/INCT item of pay.  It is undisputed that the only difference between the complaints

2   is whether that underlying conduct violated a distinct subpart of Labor Code § 226(a)—here,

3   section 226(a)(6), and in *Magadia*, section 226(a)(9).  It follows that evidence presented in both

4   actions will be identical, or at the very least, substantially the same.  And although it is not clear

5   that any judgment in the instant action could potentially "destroy or impair rights" any rights yet

6   to be established in *Magadia*, that factor is not dispositive.  *See Adams*, 487 F.3d at 691 (noting

7   that, "in the claim preclusion context, the most significant factor is that the causes of action arise

8   from a common transactional nucleus of facts.").

9           The two actions also involve infringement of the same right—entitlement to a wage

10   statement that complies with Labor Code § 226(a).  The Labor Code does not permit multiple

11   awards for multiple violations contained within the same wage statement.  *See Ontiveros v.*

12   *Safelite Fulfillment, Inc.*, No. CV 15-71168-DMG (RAOx), 2017 WL 6261476, at *7 n.7

13   ("Penalties under section 226(e)(1) are awarded on an all-or-none basis; the amount awarded does

14   not increase if there are multiple violations in the wage statement.") (citing Cal. Lab. Code §

15   226(e)(2) and noting that "the same penalties are available whether an employer provides a

16   defective statement or fails to provide a wage statement at all").  Thus, that the plaintiffs in

17   *Magadia* challenge the OVERTIME/INCT wage statements under Labor Code § 226(a)(9) instead

18   of § 226(a)(6) is of no moment because there is but one available recovery for multiple violations

19   within the same wage statement.  In other words, the plaintiffs in both actions are entitled to the

20   same relief.

21           In sum, it is clear that the instant action and the OVERTIME/INCT claim in *Magadia*

22   could "conveniently be tried together."  *See Adams*, 487 F.3d at 689.  The plaintiff in *Magadia*

23   acknowledged as much when he told the district court that his proposed amendment to add the

24   section 226(a)(6) claim at issue here to that case "is not a new claim or cause of action, but an

25   alternative theory of liability in response to Walmart's attempt to raise a new affirmative defense."

26   *See* Case No. 5:17-cv-00062-LHK, Dkt. No. 129 at 4.

27           Plaintiff argues that the district court's treatment in *Magadia* of a "factually disparate

28   settlement reached in another class action" demonstrates that the claim-splitting doctrine is

9

1  inapplicable here.  (*See* Dkt. No. 27 at 14-15.)  The Court is not convinced.  In its order granting

2  class certification in *Magadia*, the district court rejected Defendants' argument that the "proposed

3  class-wide settlement" in the then-pending action in *Smith v. Wal–Mart Stores, Inc.*, No. 16–CV–

4  02832–JD (N.D. Cal.) "would resolve [p]laintiff's and the putative class' wage statement claims,"

5  and therefore, plaintiff could not establish that class treatment of his wage statement claims in

6  *Magadia* was a superior method of adjudication.  *See Magadia*, 324 F.R.D. at 226-27.  The district

7  court concluded that "the proposed class-wide settlement in *Smith* will not resolve any of the

8  claims in [*Magadia*]" for the following reason:

> The release provision in *Smith* explicitly states that the only claims
> against Wal-Mart that will be released as a result of the settlement in
> *Smith* are those based on alleged violations of California Labor Code
> 226(a)(8). Because the claims in the instant case are based on alleged
> violations of §§ 226(a)(6), 226(a)(9), and 226.7(c), none of them are
> covered by the release provision in *Smith*.

13  *Id.* at 227.  Claim preclusion from judgment in the *Smith* action arguably would have precluded

14  the *Magadia* action but for the release in *Smith* specifically providing that claim preclusion did *not*

15  apply to the claims at issue in *Magadia*.  No such limited release is present here.  Moreover, the

16  claim in *Smith* was also arguably factually distinct from those in *Magadia* because it challenged

17  Defendants' failure to provide the employer's name and address on the wage statement pursuant to

18  Labor Code § 226(a)(8).  Here, in contrast, Plaintiff challenges the same portion of the wage

19  statement at issue in *Magadia*—the OVERTIME/INCT pay item and Defendants' alleged errors in

20  reporting that item.

21  Plaintiff's argument that it "could not have raised this claim [because] Judge Koh denied

22  the request" for leave to amend to add a claim under section 226(a)(6) based on the

23  OVERTIME/INCT wage statements is similarly unavailing.  (*See* Dkt. No. 27 at 15.)  The district

24  court denied the plaintiff's request for leave to amend to add the section 226(a)(6) claim based

25  solely on the procedural posture of the case.  Specifically, the court held:

> Plaintiff's request to "add a new theory of liability for violation of
> [California] Labor Code § 226(a)" in order to address Defendant's
> anticipated *Canales*-based argument ***is denied because of the
> advanced stage of litigation in this case***. *Id.* The Court granted
> Plaintiff's motion for class certification six months ago on January 9,

10

1   2018, *see* ECF No. 84, and the Court ruled on Plaintiff's motion for
2   partial summary judgment on May 11, 2018. *See* ECF No. 121. The
    close of fact discovery is set for June 29, 2018—four days from
3   today—and Defendant must file its dispositive motion by July 26,
    2018. The hearing on Defendant's dispositive motion is scheduled for
4   September 6, 2018, and expert discovery closes on September 21,
    2018. Further, the final pretrial conference is scheduled for November
5   15, 2018, and a five-day bench trial is set for November 30, 2018. In
    light of the advanced stage of litigation in this case, as well as the
6   Court's denial of Defendant's request for leave to file a motion for
    reconsideration based on *Canales*, Plaintiff may not add new theories
7   of liability to Plaintiff's complaint and Defendant may not add a new
    affirmative defense based on *Canales*.

8   *Magadia*, Case No. 5:17-cv-00062-LHK, Dkt. No. 130 (N.D. Cal. June 25, 2018) (order denying

9   requests made in joint case management statement) (emphasis added).  Thus, there is no indication

10  that Plaintiff could not have raised the instant section 226(a)(6) claim in *Magadia* had it been

11  brought earlier in that case.  Plaintiff's counsel's attempt to cure the failure to do so by bringing a

12  new cause of action is precisely the type of litigation tactic that the claim-splitting doctrine

13  precludes.  *See Adams*, 487 F.3d at 688 ("The fact that plaintiff was denied leave to amend does

14  not give her the right to file a second lawsuit based on the same facts.") (internal quotation marks

15  and citation omitted).

16          **B.      Same Parties**

17          The parties to this suit and the suit in *Magadia* are the same or in privity for purposes of

18  preclusion, and thus, claim splitting is present.[5]  *See Sturgell*, 553 U.S. at 894 ("Representative

19  suits with preclusive effect on nonparties include properly conducted class actions.").  While

20  Plaintiff is not the named plaintiff in *Magadia*, she is a member of the *Magadia* certified class.

21  The certified class in *Magadia* consists of: "All current and former California non-exempt

22  employees of [Wal-Mart] who received 'OVERTIME/INCT,' at any time between December 2,

23  2015, through the present."  *See Magadia*, 324 F.R.D. at 227.  Plaintiff does not dispute that she

24  falls within this class definition and does not otherwise assert that she opted out of the *Magadia*

25  class.  (*See* Dkt. No. 27 at 14-15.)  Therefore, once judgment is entered in *Magadia*, Plaintiff will

26  be bound by that judgment.  *See Sturgell*, 553 U.S. at 884 (noting that "[i]n a class action, . . . a

27  _____

28  [5] Plaintiff's opposition does not contend that the "same parties" requirement of the claim splitting
    doctrine is not met.  (Dkt. No. 27 at 14-15.)

*United States District Court*
*Northern District of California*

1  person not named as a party may be bound by a judgment on the merits of the action, if she was

2  adequately represented by a party who actively participated in the litigation.") (citing *Hansberry v.*

3  *Lee*, 311 U.S. 32, 41 (1940)); *see also Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867,

4  874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a

5  judgment in a properly entertained class action is binding on class members in any subsequent

6  litigation.").

7       Accordingly, the Court in its discretion stays this action pending the resolution of

8  *Magadia*. A stay rather than dismissal is warranted because *Magadia* is a class action and no

9  judgment has issued; thus, it is not certain that Plaintiff will be bound by that judgment because

10  the class could be decertified by the trial court or on appeal.

11                                **CONCLUSION**

12       For the reasons set forth above, the Court DENIES Defendants' motion to dismiss under

13  Rule 12(b)(6), and in the alternative, STAYS the action because it is duplicative of the suit in

14  *Magadia*.  Defendants shall file a written status update with the Court on or before **August 1,**

15  **2019.**

16       This Order disposes of Docket No. 23.

17       **IT IS SO ORDERED.**

18  Dated: January 29, 2019

19

20

21  JACQUELINE SCOTT CORLEY

United States Magistrate Judge

22

23

24

25

26

27

28

United States District Court
Northern District of California